ABRAHAM WEISBOND, PLAINTIFF-RESPONDENT, v. HARRY SCHULTZ, DEFENDANT-APPELLANT.

Decided November 24, 1924.

**Contracts—Loan of Money—Plaintiff Claims Two Loans of $2,000 Each—Defendant Counter-claims With Claim of Loans of $4,000—Plaintiff Denies Payments by Defendant Were Loans But Payments for Goods—Judgment for Plaintiff Sustained.**

On appeal from the Atlantic City Court of Common Pleas.

For the appellant, *Eugene G. Schwinghammer.*

For the respondent, *Katzenbach & Hunt.*

PER CURIAM.

The grounds of appeal relied on and argued in appellant's brief for a reversal of the judgment entered in the Court of Common Pleas on the verdict of a jury against the defendant-appellant and in favor of the plaintiff-respondent are,

as follows: 1. That there was legal error in overruling the questions propounded to the witness, Morris Cooper. 2. That there was error in the charge to the jury.

Before taking up for proper consideration the first ground relied on, it becomes necessary to set forth the issues involved at the trial between the parties to the controversy.

The plaintiff brought his action against the defendant to recover the sum of $4,000, with interest, for two loans of cash made to defendant, to wit: $2,000 on June 7th, 1922, to be repaid to plaintiff with interest, on demand; and $2,000 loaned to defendant on June 30th, 1922, to be repaid to plaintiff, with interest, on demand.

The defendant filed a counter-claim in which he sets forth that he did at various times loan the plaintiff sums of money aggregating the sum of $4,100, and that the plaintiff on or about June 7th, 1922, repaid to defendant $2,000 on account, and on June 30th, 1922, repaid the defendant a further sum of $2,000 on account, leaving a balance of $100 due to the defendant, for which the latter claimed judgment against the plaintiff.

The plaintiff at the trial produced two checks for $2,000 each, dated, respectively, June 7th and June 30th, 1922, drawn to the order of the defendant and paid by the bank.

There was also proof that the defendant admitted his indebtedness to the plaintiff for the amount claimed by the latter.

The defendant claimed that the plaintiff was connected with and interested in the Hub stores and that the business had not been in existence for more than two months when the stores needed money to pay bills, and so he made the various loans to the plaintiff amounting to $4,100.

The defendant produced the various checks payable to the order of the plaintiff, which checks appear to have had their start in September, 1921, and continued until March 23d, 1922, when the last check was given by defendant to plaintiff for the sum of $600, and altogether the checks produced and given by defendant to the plaintiff during the time mentioned amounted to $4,100.

The plaintiff testified that the checks produced, given by him to the defendant, were for merchandise bought except the check for $500 which had some relation to a transaction respecting the purchase of a delicatessen store and payment on account of which was made by defendant's check. The plaintiff denied that he ever borrowed any money of the defendant.

Morris Cooper, a witness sworn on behalf of defendant, was asked upon his direct examination: "Do you know from your knowledge of your business as bookkeeper whether Weisbond at the time you were working there was connected with the Hub stores?"

This question was objected to upon the ground that it was not the proper method by which to prove the agency of the Hub stores and Mr. Weisbond. The objection was sustained and we think properly so. Even if the object of the inquiry was to prove agency, the nature of the proof attempted to be elicited called for what the witness, as bookkeeper, had gleaned from the books, of which the books were the best evidence, and what he had learned, as bookkeeper, from other sources, without regard whether it was hearsay or not.

It is pertinent to the subject in hand to state here that the witness was permitted to tesify that the plaintiff was always around the Hub stores; that he did most of the unpacking of merchandise that arrived; and as to who employed the witness and paid his salary, and as to the general activities of the plaintiff in and about the Hub stores, &c., &c.

The only other ground relied on for a reversal is based upon an exception to the concluding portion of the charge of the trial judge, where he instructed the jury: "In other words, ladies and gentlemen, your verdict will either be a verdict for the plaintiff in the sum of $4,000, plus interest, or necessarily your verdict must be a verdict for the defendant against the plaintiff in the sum of $100."

We perceive no error in this. For that was in harmony with the issue presented by the pleadings and the evidence.

Judgment is affirmed, with costs.